# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1527
LT Case No. 2020-CA-33672

_____

ELIZABETH CLARK,

    Appellant,

    v.

KERMIT HAHN and EVELYN
HAHN,

    Appellees.

_____


On appeal from the Circuit Court for Brevard County.
Scott A. Blaue, Judge.

Brian J. Lee, of Morgan & Morgan, Jacksonville, for Appellant.

Warren B. Kwavnick, of The Law Office of Warren B. Kwavnick, PLLC, Pembroke Pines, for Appellees.

December 19, 2024

JAY, J.

In this single-issue appeal, we address the proper scope of biomechanical expert testimony in personal injury cases. We hold that the testimony here exceeded that scope.

## I.

Following a car accident, Clark sued the Hahns for negligence.

She alleged that the accident left her permanently injured. Before trial, the Hahns disclosed that they planned to present testimony from Calum McRae, Ph.D., an expert in biomechanics. The Hahns reported that McRae would "provide opinions regarding the dynamic forces and other physical characteristics involved in the subject accident and the comparison and analysis of the injuries and conditions alleged by the Plaintiff."

At trial, because McRae is not a medical doctor, Clark asked the court to prohibit McRae from giving medical causation opinions. In response, the Hahns assured the court that McRae had "no intention of offering medical opinions," and that if he did offer such opinions, they "would expect an objection." When McRae took the stand, he identified himself as a biomechanical engineer. He conceded that he is "not a medical doctor" and is "not qualified to diagnose injuries or to treat patients." Instead, he described his "role" as "purely looking at the body from an engineering perspective."

After the Hahns asked McRae about whether the "mechanisms" of injury "could have occurred during the incident we're here to discuss," Clark objected that McRae was "giving a medical causation opinion" that was "outside of the scope of his expertise." The court clarified that McRae could not testify "as to [Clark's] specific injuries and whether they were caused by this specific crash." He could testify "about [the] mechanism of injury present and the forces, but not the specific cause to [Clark]."

Despite that admonition, the Hahns went on to ask McRae, "were you able to come to any biomechanical conclusions as to the forces applied to Ms. Clark's spine and whether those forces could create the injury mechanisms that you mentioned?" McRae said that he had. He then explained that "this particular accident would not have generated the mechanisms required for an intervertebral disc herniation in the cervical spine for someone of Ms. Clark's height and weight in this particular vehicle."

Based on those answers, Clark objected and unsuccessfully asked for a mistrial, arguing that McRae's opinions were improper. Ultimately, the jury found that Clark did not suffer a permanent injury. Based on setoffs, Clark recovered nothing. Citing McRae's

testimony, Clark moved for a new trial. The court denied relief.

## II.

### A.

We review the admission of expert testimony for an abuse of discretion. *Magical Cruise Co. v. Martins*, 330 So. 3d 993, 1002 (Fla. 5th DCA 2021) (quoting *Andrews v. State*, 181 So. 3d 526, 527 (Fla. 5th DCA 2015)). But the trial court's discretion is limited by case law and the rules of evidence. *Newman v. State*, 390 So. 3d 1262, 1265 (Fla. 5th DCA 2024) (quoting *Poole v. State*, 284 So. 3d 604, 607 (Fla. 5th DCA 2019)). "A court's erroneous interpretation of these authorities is subject to *de novo* review." *Magical Cruise Co.*, 330 So. 3d at 1002 (quoting *Pantoja v. State*, 59 So. 3d 1092, 1095 (Fla. 2011)). If an error is shown, reversal is required unless the beneficiary of the error proves there is no reasonable possibility that the error contributed to the verdict. *See Special v. W. Boca Med. Ctr.*, 160 So. 3d 1251, 1253 (Fla. 2014).

### B.

"If scientific, technical, or other specialized knowledge will assist the trier of fact . . . a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion." § 90.702, Fla. Stat. (2013). "The proponent of [the] expert testimony must, when properly challenged, establish the basis for its admissibility by a preponderance of the evidence." *Baan v. Columbia County*, 180 So. 3d 1127, 1131–32 (Fla. 1st DCA 2015). Experts "may not testify to matters that fall outside [their] area of expertise." *Jordan v. State*, 694 So. 2d 708, 715 (Fla. 1997).

"Biomechanical engineers apply 'the principles in mechanics to the facts of a specific accident and provide information about the forces generated in that accident.'" *Bowers v. Norfolk S. Corp.*, 537 F. Supp. 2d 1343, 1377 (M.D. Ga. 2007) (quoting *Smelser v. Norfolk S. Ry. Co.*, 105 F.3d 299, 305 (6th Cir. 1997)). "Thus, biomechanical engineering is closely related to, and may sometimes overlap with, the field of medicine." *Id.* "However, the two disciplines remain distinct." *Id.* "For instance, unlike medical doctors, biomechanical

3

engineers normally do not 'diagnos[e] and treat[] human physical ailments, conditions, diseases, pain, and infirmities.'" *Id.* (alterations in original) (quoting *Combs v. Norfolk & W. Ry. Co.*, 507 S.E.2d 355, 358 (Va. 1998)).

In the litigation context, this means that biomechanical engineers typically are qualified to opine about an accident's forces "and the general types of injuries those forces may generate." *Id.* This is not so for "opinions about the 'precise cause of a specific injury,'" since "biomechanical engineers lack the medical training necessary to identify the different tolerance levels and preexisting medical conditions of individuals, both of which 'could have an effect on what injuries resulted from an accident.'" *Id.* (quoting *Smelser*, 105 F.3d at 305).

C.

McRae's testimony breached these limits. The Hahns asked McRae about his "conclusions as to the forces applied to **Ms. Clark's spine** and whether those forces could create the injury mechanisms" that McRae had previously mentioned—specifically, whether the compressive forces were sufficient to herniate a cervical disc. In that context—as to Ms. Clark's spine—he opined "that **this particular accident would not have generated** the mechanisms required for **an intervertebral disc herniation in the cervical spine** for someone of Ms. Clark's height and weight **in this particular vehicle**."

The Hahns did not ask about a hypothetical person. They asked about "the forces applied to Ms. Clark's spine." In response, McRae shared a conclusive opinion about a specific medical condition for someone of Clark's height and weight riding in Clark's vehicle—in other words, Clark herself.

The bottom line is that McRae told the jury that Clark did not suffer a disc herniation in this accident, which is a patient-specific causation opinion. Because he is not a medical doctor, McRae is not qualified to render such an opinion. *See McGowan v. S. Methodist Univ.*, No. 3:18-CV-00141, 2024 WL 946954, at *2 (N.D. Tex. Mar. 4, 2024) ("[G]iven that [this biomechanical expert] has no medical qualifications, he is unqualified to opine about the

4

cause of Plaintiff's specific injury."); *Grajeda v. Vail Resorts Inc.*, No. 2:20-cv-00165, 2023 WL 4803755, at *11–12 (D. Vt. July 27, 2023) (excluding a biomechanical engineer's opinion "as to the specific cause of Plaintiff's injuries" because the engineer "is not qualified as an expert witness in the medical field"); *Okanovic v. Hayes*, No. 1:18-CV-957, 2019 WL 5692754, at *4 (M.D. Pa. Nov. 4, 2019) (ruling that because a biomechanical engineer "is not permitted to discuss specific causation," he could not say if an accident's forces caused a plaintiff's injuries, which is an opinion "reserved for a qualified medical expert"); *Thomas v. Chambers*, No. 18-4373, 2019 WL 1670745, at *4 (E.D. La. Apr. 17, 2019) (concluding that since a biomechanical expert "is not certified in any medical specialty," he "cannot offer an opinion on whether the estimated forces plaintiffs experienced during the collision in fact caused their injuries"); *Roach v. Hughes*, No. 4:13-CV-00136, 2015 WL 3970739, at *12 (W.D. Ky. June 30, 2015) ("[B]ecause [this biomechanical expert] is not a medical doctor, she may not testify as to [plaintiff's] claimed injuries or to whether the accident caused or contributed to any of [plaintiff's] injuries."); *Bowers*, 537 F. Supp. 2d at 1377 ("However, [this biomechanical expert] may not offer an opinion as to whether the vibration in Plaintiff's locomotive caused Plaintiff's injuries. Such an opinion requires the identification and diagnosis of a medical condition, which demands the expertise and specialized training of a medical doctor."); *Renot v. Secura Supreme Ins. Co.*, 671 S.W.3d 282, 289 (Ky. 2023) (observing that "a biomechanical expert may not invade the province" of a qualified physician "by conclusively opining whether the traumatic incident at issue did or did not, in fact, cause the medically diagnosed injury or condition of a particular plaintiff").

Indeed, three other courts have ruled that McRae could not offer—as he did here—specific causation testimony. A state appellate court held that McRae's "testimony that *this specific plaintiff's* injuries were not caused by the collision . . . exceeded his expertise in biomechanics and should have been excluded." *Gostyla v. Chambers*, 171 A.3d 98, 103 (Conn. App. Ct. 2017). Likewise, a federal district court ruled that "McRae may not testify as to whether the subject collision in fact caused Plaintiff's injuries because he is not a medical expert." *Howard v. J&B Hauling, Inc.*, No. 22-993, 2024 WL 4647822, at *6 (E.D. La. Jan. 31, 2024). And another federal district court precluded McRae from "opin[ing] as

5

to whether the specific injuries and back conditions that [plaintiff] has were caused by the accident in this case." *Collett v. GEICO Cas. Co.*, No. 16-15908, 2017 WL 4553525, at \*1 (E.D. La. Oct. 11, 2017). The trial court here should have done the same.

### III.

In sum, while biomechanical experts may discuss the forces generated by an accident and "how a hypothetical person's body will respond to those forces," they are "not qualified to render medical opinions regarding the precise cause of a specific injury." *See Thomas*, 2019 WL 1670745 at \*4 (quoting *Laski v. Bellwood*, 215 F.3d 1326, 2000 WL 712502, at \*3 (6th Cir. May 25, 2000)). Because the expert in this case gave a specific causation opinion—on the precise cause of a specific injury—the court should have sustained Clark's objection to his testimony. Furthermore, our review of the record convinces us that there is a reasonable possibility that the errant testimony contributed to the verdict. *See Special*, 160 So. 3d at 1253. Therefore, we reverse and remand for a new trial.

REVERSED and REMANDED.

HARRIS and MACIVER, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____